IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                          CRIMINAL NO. 3:26-CR-6-HTW-LGI

STEPHEN SPENCER PITTMAN

**MOTION FOR BOND**

The defendant, Stephen Spencer Pittman, by counsel, hereby objects to the Court holding a detention hearing in this case because 18 U.S.C. § 3142(f) does not authorize a hearing. Even if a detention hearing were authorized, this Court should release Mr. Pittman on conditions.

**PROCEDURAL BACKGROUND**

Mr. Pittman was charged in a criminal complaint with arson in violation of 18 U.S.C. § 844(i). ECF No. 1. He made his initial appearance on January 12, 2026, at which time the Government moved for a detention hearing. The Government cited 18 U.S.C. § 3142(f)(1)(A) as the basis for its motion, and it claimed that arson is a crime of violence. The Court scheduled a detention hearing for January 20, 2026.

On January 13, 2026, a grand jury indicted Mr. Pittman for one count of arson in violation of 18 U.S.C. § 844(i). ECF 8.

**ARGUMENT**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). The Government cannot meet its heavy burden to show that Mr. Pittman qualifies for the "carefully limited exception" of pretrial detention. *See id.*

**I.      The Bail Reform Act**

The Bail Reform Act (BRA) generally requires a court to release a person charged with an offense. 18 U.S.C. § 3142(a). If the Government seeks pretrial detention, it must meet two burdens. First, the Government must meet its burden to obtain a detention hearing by showing that the case meets the qualifications set forth in 18 U.S.C. § 3142(f). Second, the Government must meet its burden to obtain detention by showing that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). To determine whether the Government has met that burden, a court must consider several factors including "the nature and circumstances of the offense charged," "the weight of the evidence against the person," "the history and characteristics of the person," and "the nature and seriousness of the danger to any person or the community." 18 U.S.C. § 3142(g).

**II.     The BRA does not authorize a detention hearing.**

The Fifth Circuit has emphasized that "[a] detention hearing can only be held in a case that involves a crime or circumstance set out in § 3142(f) of the" BRA. *United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992). That section authorizes a detention hearing in two circumstances: (1) when the case that involves certain crimes or when the defendant has committed certain crimes in his past, *see* § 3142(f)(1); and (2) when the case involves a "serious" risk that the defendant will "flee" or obstruct justice, *see* § 3142(f)(2).

The Government has not met its burden to obtain a detention hearing because an offense under 18 U.S.C. § 844(i) is not a crime of violence for purposes of the BRA. The term "crime of violence" means:

> (A) an offense that has as an element of the offense the use, attempted use, or threatened use of physical force against the person or property of another; (B) any

other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense; or (C) any felony under chapter 77, 109A, 110, or 117.

18 U.S.C. § 3156(a)(4). Subsection (A) (referred to herein as the "elements clause") and subsection (B) (referred to herein as the "residual clause") are the only relevant sections in this case. The chapters enumerated in subsection (C) do not include arson.

To determine whether an offense qualifies as a crime of violence under the elements and residual clauses, this Court should apply a categorical approach. *See United States v. Singleton*, 182 F.3d 7, 11 (D.C. Cir. 1999); *United States v. Rogers*, 371 F.3d 1225, 1229 n.5 (10th Cir. 2004); *United States v. Dillard*, 214 F.3d 88, 92 (2d Cir. 2000). In *Singleton*, the D.C. Circuit concluded "from the plain meaning of § 3156 that a categorical approach is required." 182 F.3d at 11. The court based its conclusion on the term "element of the offense" in the elements clause, which made "clear that a court need look no further than the statute creating the offense to decide whether it describes a crime of violence." *Id*. Similarly, the residual clause's use of the word "nature" "refer[red] to a legal charge rather than its factual predicate." *Id*.

The categorical approach looks "only to the statutory definitions" of an offense, "not to the particular facts" of the offense. *See Taylor v. United States*, 495 U.S. 575, 600 (1990). It identifies the "'*least* serious conduct' criminalized by the statute." *United States v. Elkins*, 161 F.4th 899, 904 (5th Cir. 2025). If that conduct does not meet the definition of a crime of violence, then the offense is not a crime of violence. *See id*.

Using the categorical approach, arson does not qualify as a crime of violence under the elements clause. *See* § 3156(a)(4)(A). That clause requires that the offense have as an element the "use, attempted use, or threatened use of physical force *against the person or property of another*." *Id*. (emphasis added). An offense under 18 U.S.C. § 844(i) criminalizes a person's destruction of

3

his or her own property. *See United States v. Mathews*, 37 F.4th 622, 626 (9th Cir. 2022); *In re Franklin*, 950 F.3d 909, 911 (6th Cir. 2020); *United States v. Salas*, 889 F.3d 681, 684 (10th Cir. 2018); *United States v. Wilder*, 834 F. App'x 782, 784 (4th Cir. 2020). As a result, the offense does not qualify as a crime of violence under the elements clause.

Similarly, arson does not qualify as a crime of violence under the residual clause. To start, the Supreme Court held that language identical to the residual clause was void for vagueness in the context of 18 U.S.C. § 924(c). *See United States v. Davis*, 588 U.S. 445, 448 (2019). And even if this Court could rely on the residual clause, that clause, like the elements clause, defines a crime of violence as one that "involves a substantial risk that physical force *against the person or property of another* may be used." § 3156(a)(4)(B) (emphasis added). Because the arson statute criminalizes the destruction of one's own property, it does not qualify as a crime of violence under the residual clause. *See supra* at 3.

The defendant objects to any detention hearing in this case because the Government has not met its burden under § 3142(f).

### III. The BRA does not authorize detention.

Even if this Court determines that the Government has met its burden to obtain a detention hearing, the Court should order the defendant released on appropriate conditions. The Government cannot meet its burden to show that the § 3142(g) factors warrant detention. The defense expects that the evidence at a detention hearing would show the following, among other things.

### A. The nature and circumstances of the offense weigh in favor of release.

The charged offense does not fall within any of the categories of serious offenses enumerated in § 3142(g)(1).

4

### B. The weight of the evidence favors release.

The second (g) factor, concerning the weight of the evidence, is largely unknown at this point. Because the Government does not produce discovery before detention hearings, the Government's summary of the expected evidence at the detention hearing—the only proffer the Court is likely to hear on this factor—will be the view of one adversary without the other side having the benefit of a meaningful opportunity to respond.

Anyway, this Court should not place too much emphasis on the weight of the evidence because doing so is akin to applying a presumption of guilt, which is expressly forbidden under § 3142(j). Even if the Court chooses to consider the weight of the evidence supporting guilt, this should be treated as the "least important" of the § 3142(g) factors. *See United States v. Hir*, 517 F.3d 1081, 1090 (9th Cir. 2008) (quotation omitted) ("We recognize that 'the weight of the evidence is the least important of the various factors.'").

### C. The history and characteristics of the defendant favor release.

The history and characteristics of the defendant show that he can be safely released.

Criminal history: Mr. Pittman has no criminal history. He was not on probation, parole, or any other supervised release at the time of the alleged offense. These facts favor release. *See United States v. Campbell*, No. 1:25-CR-00040-(2), 2025 WL 2045626, at *3 (S.D. Ohio July 22, 2025) (finding that the lack of criminal history and the absence of supervision favored release).

Incentive to flee: Mr. Pittman has significant ties to the local community. He is a lifelong resident of the Jackson metropolitan area. He has family members in the Jackson metropolitan area. He has no passport. These facts favor release. *See, e.g. United States v. Payne*, No. CR 2017-0031, 2018 WL 3546231, at *8 (D.V.I. July 23, 2018).

Financial resources: Mr. Pittman has limited financial resources, as evidenced by the appointment of the Federal Public Defender. This fact favors release. *See United States v. Khanna*, 703 F. Supp. 3d 1309, 1315 (N.D. Okla. 2023).

Physical condition: Mr. Pittman's current physical condition reduces the risk of any danger to the community and increases the risk of a serious or life-threatening

condition from incarceration. This fact favors release. *See United States v. Moore*, No. 3:24-CR-97-KHJ-LGI-1, 2025 WL 1001345, at *4 (S.D. Miss. Apr. 3, 2025) (the defendant's "poor physical condition" favored release).

<u>Educational history</u>: Mr. Pittman graduated from a local high school and successfully completed three semesters of community college. His educational history demonstrates his capacity to comply with any conditions of release imposed by this Court.

### D. There is no evidence that the defendant poses a danger to the community.

The Government has presented no evidence to show that Mr. Pittman's release poses a danger to the community. The Court should reject any attempt to rely exclusively on the nature of the instant charge to secure detention. Had Congress intended a presumption in favor of detention for charges like arson, it would have so provided in the BRA.

Mr. Pittman has no criminal history at all, much less criminal history involving assaultive conduct or the use of a firearm. The Court can put in place conditions that, combined with the supervision of Pretrial Services, would reasonably mitigate any danger associated with Mr. Pittman's release.

### CONCLUSION

The Government has not met its burden to obtain a detention hearing. At the very least, this Court can craft conditions that will reasonably assure Mr. Pittman's appearance and the safety of the community. We respectfully request his release.

Respectfully submitted, this the 16th day of January, 2026.

**Omodare B. Jupiter**
Federal Public Defender

*Michael L. Scott*
**Michael L. Scott** (MB # 101320)
Assistant Federal Public Defender
N. and S. Districts of Mississippi
200 S. Lamar St., Suite 200 North
Jackson, Mississippi 39201

6

Telephone: (601)948-4284
Facsimile: (601)948-5510
Email:  mike_scott@fd.org

Attorney for Defendant

## CERTIFICATE OF SERVICE

I, Michael L. Scott, certify that on January 16, 2026, this Motion was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

*Michael L. Scott*
**Michael L. Scott**
Attorney for Defendant