IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V.                                                         CRIMINAL NO. 3:26-CR-6-HTW-LGI

STEPHEN SPENCER PITTMAN

**REPLY SUPPORTING MOTION FOR BOND**

For his reply supporting his motion for bond [ECF 10], STEPHEN SPENCER PITTMAN submits the following:

1.  The Government claims that arson is a crime of violence under the residual clause.[1] Response in Opposition of the United States to Defendant's Motion for Bond and Amended Motion for Detention [ECF 11] ("Response") at 5–6. This Court should reject that argument for two reasons.

    a.  The residual clause is void for vagueness. The Government admits that § 3156(a)(4) and 18 U.S.C. § 16 "were passed into law the same day by the United States Congress" and thus "it is reasonable to conclude that Congress … intended that both sections would mean the same thing." Response at 3 (latter quote from *United States v. Marzullo*, 780 F. Supp. 658, 661 (W.D. Mo. 1991)). The Supreme Court has held that the residual clause in § 16 is unconstitutionally vague. *Sessions v. Dimaya*, 584 U.S. 148, 152 (2018). By the Government's own logic, that conclusion applies with equal force to § 3156(a)(4).

    Though the Government claims that due process concerns are lessened in the context of the Bail Reform Act, *see* Response at 6, Supreme Court precedent rebuts that argument. In *United*

---

[1] The Government also cites the definition of a "crime of violence" under the Sentencing Guidelines. Response at 3. That definition is irrelevant. The Bail Reform Act defines the term "crime of violence" for the purpose of § 3142(f). *See* § 3156(a)(4). This Court should use that definition to analyze whether arson is a crime of violence.

*States v. Salerno*, 481 U.S. 739, 750 (1987), the Court recognized an "individual's strong interest in liberty." The Court upheld the Bail Reform Act against due process challenges in part because of "Congress' careful delineation of the circumstances under which detention will be permitted." *Id*. at 751. The Court emphasized that "[t]he judicial officer is not given unbridled discretion in making the detention determination." *Id*. at 742.

The residual clause upsets that careful balance. The clause is marred by at least two features that make its enforcement "unpredictab[le] and arbitrar[y]." *See Johnson v. United States*, 576 U.S. 591, 602 (2015). It creates "grave uncertainty about how to estimate the risk posed by a crime" because "[i]t ties the judicial assessment of risk to a judicially imagined 'ordinary case' of a crime, not to real-world facts or statutory elements." *Id.* at 597. And it "leaves uncertainty about how much risk it takes for a crime to qualify." *Id.* at 598. Because the clause invites unpredictable and arbitrary enforcement, it offends due process.

   b. Even if the Court could rely on the residual clause, arson is not a categorical match. In *Borden v. United States*, 593 U.S. 420, 445 (2021), the Supreme Court held that "[o]ffenses with a mens rea of recklessness do not qualify as violent felonies under" the elements clause of ACCA. *Id*. It reasoned that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual. Reckless conduct is not aimed in that prescribed manner." *Id*. at 429.

The holding in *Borden* is equally applicable to the residual clause. The clause uses the language "against another" to modify the use of physical force. *See* 18 U.S.C. § 3156(a)(4)(B). This Court should therefore analyze whether arson, by its nature, involves a "substantial risk" of intentional physical force against the person or property of another.

The Government's examples fail under this standard. *See* Response at 5–6 (citing *United States v. Marzullo*, 780 F. Supp. 658, 663 (W.D. Mo. 1991)).[2] They involve reckless or negligent force, such as when the arson impinges on other structures or harms firefighters or safety personnel. These examples do not involve intentional force against the person or property of another.

2.    The Government seeks to amend its motion to include 18 U.S.C. § 3142(f)(2) as a basis for holding a detention hearing. The Government has produced no evidence to show that this case involves "a *serious* risk" that Mr. Pittman will flee or "a *serious* risk" that Mr. Pittman will obstruct justice. § 3142(f)(2) (emphasis added).

This Court should deny the Government's request for a detention hearing and grant Mr. Pittman's motion for bond.

Respectfully submitted, this the 20th day of January, 2026.

                                          **Omodare B. Jupiter**
                                          Federal Public Defender

                                          *Michael L. Scott*
                                          **Michael L. Scott** (MB # 101320)
                                          Assistant Federal Public Defender
                                          N. and S. Districts of Mississippi
                                          200 S. Lamar St., Suite 200 North
                                          Jackson, Mississippi 39201
                                          Telephone: (601)948-4284
                                          Facsimile: (601)948-5510
                                          Email:  mike_scott@fd.org

                                          Attorney for Defendant

---

[2] The *Marzullo* court also discussed a risk of physical force against the property of lenders or vendors. *See Marzullo*, 780 F. Supp. at 663. These examples ignore that the arson statute criminalizes the destruction of property owned by the defendant. *See United States v. Mathews,* 37 F.4th 622, 626 (9th Cir. 2022).

## CERTIFICATE OF SERVICE

  I, Michael L. Scott, certify that on January 20, 2026, this reply was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

            *Michael L. Scott*
            **Michael L. Scott**
            Attorney for Defendant