IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

V. CRIMINAL NO. 3:26-CR-6-HTW-LGI

STEPHEN SPENCER PITTMAN

## SECOND MOTION TO DISMISS COUNT TWO

The defendant, STEPHEN SPENCER PITTMAN, moves to dismiss count two in the superseding indictment because 18 U.S.C. § 247 exceeds Congress's power under the Commerce Clause. In support, Mr. Pittman presents the following:

## FACTS

On January 13, 2026, the grand jury returned an indictment charging Mr. Pittman with one count of arson, in violation of 18 U.S.C. § 844(i). ECF 8.

On February 10, 2026, the grand jury returned a superseding indictment charging Mr. Pittman with three counts: (1) arson, in violation of 18 U.S.C. § 844(i); (2) damage to religious property by use of fire, in violation of 18 U.S.C. § 247(a)(1) and (d)(3); and (3) use of fire to commit any felony, in violation of 18 U.S.C. § 844(h). ECF 21.

In count two (use of fire to damage religious property), the superseding indictment alleges that Mr. Pittman "intentionally deface[d], damage[d], and destroy[ed] religious real property, specifically, the Beth Israel Congregation located at 5315 Old Canton Road, Jackson, Mississippi, and fixtures and religious objects contained within, because of the religious character of that property." ECF 21. The superseding indictment also alleges that "[t]he offense was in and affected interstate and foreign commerce and included the use of fire." ECF 21.

## LAW AND ARGUMENT[1]

"Every law enacted by Congress must be based on one or more of its powers enumerated in the Constitution." *United States v. Morrison*, 529 U.S. 598, 607 (2000). Those powers include the ability "[t]o regulate Commerce … among the several States," and "[t]o make all Laws which shall be necessary and proper for carrying into Execution" that power. U.S. CONST. art. I, § 8. The Supreme Court has identified "three broad categories of activity that Congress may regulate under its commerce power": (1) "the use of the channels of interstate commerce"; (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce"; and (3) "activities having a substantial relation to interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558–59 (1995).

Section 247, on its face, does not fit within any of these categories. It criminalizes the act of "intentionally defac[ing], damag[ing], or destroy[ing] any religious real property, because of the religious character of that property" when "the offense is in or affects interstate or foreign commerce." § 247(a) & (b).

The provision does not regulate the channels or instrumentalities of interstate commerce (the first two categories of permissible commerce power regulation). It applies when "the offense is in or affects interstate … commerce," not when an individual travels to commit the offense, or when he uses the mail or another facility of interstate commerce to commit the offense. *See* § 247(b). The statute differs from other provisions of the United States code that forbid movement in interstate channels or use of instrumentalities of interstate commerce to commit a crime. *See, e.g.*, 18 U.S.C. § 43 (prohibiting "travel[] in interstate or foreign commerce, or use[ … [of] the mail or any facility of interstate or foreign commerce" to commit animal terrorism); 18 U.S.C.

[1] The issue in this motion is presently before the Fifth Circuit in *United States v. Rowold*, No. 26-60074 (5th Cir. Feb. 19, 2026).

§ 1958 (prohibiting traveling in interstate commerce or using the mail or another facility of interstate commerce to engage in murder for hire); 18 U.S.C. § 2101 (prohibiting traveling in interstate commerce or using the mail or another facility of interstate commerce to incite a riot).

Nor does § 247 regulate activities having a substantial relation to interstate commerce. *See Lopez*, 514 U.S. at 558–59. In *Lopez*, the Court invalidated, on Commerce Clause grounds, a statute that prohibited the knowing possession of a firearm in a school zone. *Id*. at 551. The Court held that the prohibition against guns in schools did not regulate an activity that substantially affects interstate commerce. *Id*. at 559–61. It explained that the regulation was "a criminal statute that by its terms ha[d] nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms." *Id*. at 561 (footnote omitted). It emphasized that the regulation was not "an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated." *Id*. at 561. And it faulted the regulation for lacking a "jurisdictional element which would ensure, through case-by-case inquiry, that the firearm possession in question affects interstate commerce." *Id*.

Like the provision invalidated in *Lopez*, § 247 is "a criminal statute that by its terms has nothing to do with 'commerce' or any sort of economic enterprise." *See Lopez*, 514 U.S. at 561. And like the unconstitutional provision in *Lopez*, § 247 is not "an essential part of a larger regulation of economic activity, in which the regulatory scheme could be undercut unless the intrastate activity were regulated." *See id*.

True, § 247 has a jurisdictional element, but that element does not guarantee the constitutionality of the statute. The Fifth Circuit has rejected the argument that a jurisdictional hook, standing alone, suffices to render a statute constitutional. *United States v. Kallestad*, 236 F.3d 225, 229 (5th Cir. 2000). It explained that "[w]here the relationship between the interstate

and local activity is attenuated, a jurisdictional hook alone cannot justify aggregating effects upon interstate commerce to find Congressional power under the Commerce Clause." *Id.* at 229; *See also United States v. Hemani*, 146 S. Ct. 1677, 1697 (2026) (Thomas, J., concurring) (quotation marks and citation omitted) ("[T]reating Congress's jurisdictional element as dispositive could very well remove any limit on the commerce power and would trespass on traditional state police powers.").

Here, the relationship between the interstate and local activity is too attenuated to find Congressional power under the Commerce Clause. Section 247 prohibits damage to religious real property and religiously motivated violence. These purely intrastate activities have no apparent effect on interstate commerce. They are "the province of the States." *See Morrison*, 529 U.S. at 618 ("The regulation and punishment of intrastate violence that is not directed at the instrumentalities, channels, or goods involved in interstate commerce has always been the province of the States.").

Finally, even if there were some constitutional applications of § 247, the Court should decline to parse the constitutional and unconstitutional applications. The Supreme Court's opinion in *United States v. Reese*, 92 U.S. 214 (1875), is instructive. There, the Supreme Court upheld the dismissal of an indictment because it arose from a statute that unconstitutionally exceeded Congress's power under the Fifteenth Amendment. *Id*. at 221–22. The Court took this action even though the indictment reflected a constitutional application of the statute. *Id*. at 216.

The Court framed the question as whether it could "introduce words of limitation into a penal statute so as to make it specific, when, as expressed, it is general only." *Id*. at 221. The Court answered, *no*. *Id*. at 221. It explained that doing so would infringe separation of powers: "[i]t would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders,

and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large. This would, to some extent, substitute the judicial for the legislative department of the government." *Id*. at 221. And the Court worried that the statute deprived the citizenry of fair warning: "[p]enal statutes ought not to be expressed in language so uncertain. If the legislature undertakes to define by statute a new offence, and provide for its punishment, it should express its will in language that need not deceive the common mind. Every man should be able to know with certainty when he is committing a crime." *Id*. at 220.

Like in *Reese*, the plain language of § 247(a) sets the "net large enough to catch all possible offenders" and leaves to the courts the task of determining who can be validly detained. *See Reese*, 92 U.S. at 221. Any attempt to sever the unconstitutional applications of § 247 would impermissibly substitute the judiciary for the legislature and render the statute's plain language insufficient to advise the ordinary citizen whether his conduct violates federal law. *See id*. at 220–21.

## CONCLUSION

For the foregoing reasons, Mr. Pittman respectfully asks the Court to dismiss count two of the indictment.

Respectfully submitted, this the 8th day of October, 2026.

**Omodare B. Jupiter**
Federal Public Defender

*Michael L. Scott*
**Michael L. Scott** (MB # 101320)
Assistant Federal Public Defender
S. District of Mississippi
200 S. Lamar St., Suite 200 North
Jackson, Mississippi 39201
Telephone: (601)948-4284
Facsimile: (601)948-5510
Email: mike_scott@fd.org

Attorney for Defendant

**CERTIFICATE OF SERVICE**

I, Michael L. Scott, certify that on October 8, 2026, this Motion was filed with the Clerk of the United States District Court for the Southern District of Mississippi, using the electronic case filing system, which in turn sent an electronic copy of this Motion to all attorneys of record in this case.

*Michael L. Scott*
**Michael L. Scott**
Attorney for Defendant